IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| HANDY TEEMAC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-CV-2908-G (BF) |
| | § | |
| FRITO-LAY, INC., | § | |
| | § | |
| Defendant. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management. Plaintiff Handy Teemac has filed a Motion to Remand the case to state court. For the following reasons, the District Court should deny Plaintiff's motion.

## Background

Plaintiff, proceeding *pro se*, originally filed this lawsuit against his former employer Defendant Frito-Lay, Inc. in the 134th Judicial District Court of Dallas County, Texas. In his amended petition, which is the live pleading in this case, Plaintiff alleges that Defendant wrongfully terminated his employment after he took time off work to recover from certain injuries to his face and eyes. *See* Pl. Am. Pet. at 2, Rem. Not., Ex. J. Defendant removed the case to federal court on grounds that the amended petition includes a claim that arises under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA" or the "Act") and thus presents a federal question. *See* Rem. Not. at 1, 3. Plaintiff disputes the characterization of his claim as arising under federal law and moves to remand the case to state court. The parties have fully briefed the issues, and the motion is ripe for determination.

**Legal Standards and Analysis**

Federal district courts are courts of limited jurisdiction and may hear only those cases authorized by a federal statute, treaty, or the United States Constitution. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Title 28 U.S.C. § 1441(a) provides that a district court has removal jurisdiction in any case where it has original jurisdiction. 28 U.S.C. § 1441(a); *Guttierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Original federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. An action "arises under" federal law for jurisdictional purposes when a federal question appears on the face of the plaintiff's "well-pleaded complaint." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). The party seeking removal has the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008) (removing party bears the burden of establishing federal jurisdiction). Any doubts as to the propriety of removal must be strictly construed in favor of remand. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Plaintiff's amended petition alleges that Defendant wrongfully terminated his employment after he took time off work to recover from injuries he sustained while working for Defendant. Pl. Am. Pet. at 2, Rem. Not., Ex. J. According to Plaintiff, this conduct gives rise to three causes of action: (1) breach of implied contract; (2) "time off work;" and (3) intentional infliction of emotional distress. *Id.* at 3-5. Regarding the second cause of action for "time off work," Plaintiff alleges:

> Plaintiff believes that Defendant is aware that both State and Federal laws give employees the right to take time off work for certain civic obligations and personal responsibilities. Employers may not

2

> discipline or fire workers for exercising these rights. In the State of Texas, these rights include:
>
> **Family and Medical Leave Act (FMLA):** Defendant Representative, GERALD HEWITT and others at the 1-800 call-in line, made Plaintiff to believe that his time-off request was approved and would have fallen under the FMLA. Even though, Plaintiff did not specifically use the FMLA Law to request his time-off, none of the Representatives of the Defendant communicated with him to inform him that he did not qualify for either the time-off request or the FMLA.

*Id.* at 4. The FMLA is a federal law that provides eligible employees of covered employers up to twelve weeks of unpaid leave for certain medical conditions. *See* 29 U.S.C. § 2612. The Act also "protects employees from interference with their leave as well as against discrimination or retaliation for exercising their rights." *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998). Plaintiff's amended petition specifically references the FMLA and alleges that he was fired for exercising his rights under the Act. Plaintiff's own statement of his second cause of action therefore demonstrates that his second cause of action "arises under" federal law, and Defendant's removal of the case to federal court was proper.

While Plaintiff does not deny that his amended petition references federal law and "raise[s] [an] FMLA question," *see* Pl. Mot. at 2, he makes several arguments in favor of remand. Plaintiff first argues that remand is required because he is not certain that he was an eligible employee entitled to leave under the FMLA. *Id.* The issue of whether federal question jurisdiction exists, however, is separate from the issue of whether Plaintiff has stated a claim under federal law.[1] Jurisdiction is

---

[1] The court recognizes that Plaintiff may be frustrated by this distinction. This action is the second lawsuit that Plaintiff has brought against Defendant arising out of his termination. Plaintiff filed his first lawsuit in federal court on December 26, 2012. *See Teemac v. Frito-Lay, Inc.*, Civil Action No. 3:12-CV-5241-M-BF. In the earlier action, this court determined *sua sponte* that federal subject matter jurisdiction was lacking and recommended dismissal of Plaintiff's claims without prejudice. *See id.*, Judgment dated 3/19/14. Among other things, the court observed that Plaintiff did not specifically mention any federal statute in his complaint and did not allege that his wrongful termination claim arose

3

not defeated by the possibility that Plaintiff's claims may not state a cause of action on which he could actually recover. *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014); *Texas First Nat'l Bank v. Wu*, 347 F. Supp. 2d 389, 396 & n.8 (S.D. Tex. 2004). Plaintiff also asserts that removal is improper because his amended petition "merely referenc[es]" the FMLA to establish a standard of care. Pl. Mot. at 2. This characterization ignores the plain language of Plaintiff's amended petition which clearly alleges a substantial claim under the FMLA. Pl. Am. Pet. at 4.

Plaintiff further contends that the court should remand this case to state court because state law issues "predominate" and "unsettled issues of state law should be decided by [a] state court." Pl. Mot. at 2, 3. However, this court has supplemental jurisdiction over Plaintiff's state-law claims because they form part of the same Article III "case or controversy" as those claims over which the court has original subject matter jurisdiction. *See* 28 U.S.C. § 1367(a). Stated differently, supplemental jurisdiction exists as to Plaintiff's state-law claims because they "derive from a common nucleus of operative fact" and are so linked to the federal claims that a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 580 (2005). Here, Plaintiff's breach of contract and intentional infliction of emotion distress claims are substantially related to his FMLA claims. Indeed, all of Plaintiff's claims derive from the same core of factual issues – his injury, his resulting request for time off, and his subsequent termination. Accordingly, the court may properly exercise supplemental jurisdiction over Plaintiff's state law claims. *See Abeyta v. Liberty Mut. Group, Inc.*, No. SA-14-CV-535-XR, 2014 WL 3535215, at *2 (W.D. Tex. July 16, 2014) (IIED claim that arises from the

---

under any particular federal law. The present case is different because Plaintiff's amended petition not onlymentions the FMLA, it also alleges a specific violation of the Act. Pl. Am. Pet. at 4. Whether Plaintiff was in fact eligible for FMLA leave and can recover on his claims under the Act are questions that go to the merits of the case and are properly decided in a different procedural context. *See Wu*, 347 F. Supp. 2d at 396, n.8.

4

same nucleus of operative facts as properly removed FMLA claim is subject to district court's supplemental jurisdiction).

To the extent Plaintiff asks the court to decline to exercise supplemental jurisdiction over his state-law claims, his request is not well-taken. The court considers the common law factors of judicial economy, convenience, fairness, and comity, as well as the statutory factors set forth in 28 U.S.C. § 1367(c), including whether: (1) the claims raise novel or complex issues of state law; (2) the claims substantially predominate over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). No single factor is dispositive. *Id.* Plaintiff's wrongful termination claims do not present any novel, unusual, or complex questions. Nor has the court dismissed Plaintiff's FMLA claim over which it has original federal question jurisdiction. This case has been pending for more than seven months, and Plaintiff's previous related lawsuit was pending for fifteen months before that. Defendant has been involved in litigation with Plaintiff over his termination since December 2012. The discovery deadline expires in only two months, and dispositive motions are due in early May. Under these circumstances, declining to exercise supplemental jurisdiction over Plaintiff's state law claims would be inconvenient and inefficient and would increase the risk of inconsistent judgements. Accordingly, the court should not decline to exercise it supplemental jurisdiction.

### RECOMMENDATION

For the foregoing reasons, the District Court should DENY Plaintiff's Motion to Remand (Doc. 7).

SO RECOMMENDED, February 5, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).