IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HANDY TEEMAC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-CV-2908-G-BF |
| | § | |
| FRITO-LAY, INC. and PEPSICO, INC., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Frito-Lay, Inc. and PepsiCo, Inc. have filed a motion for summary judgment in this wrongful termination lawsuit. For the following reasons, the District Court should GRANT Defendants' motion.

**I. Background**

Plaintiff Handy Teemac worked for Defendant Frito-Lay, Inc. ("Frito-Lay") as a "sanitor" performing sanitation and janitorial duties at a manufacturing plant in Irving, Texas on a part-time basis two nights a week from July 21, 2011 to June 26, 2012. *See* Def. MSJ App. (Doc. 27) at 22, 25. On May 19, 2012, Plaintiff was injured at work when equipment he was using broke and sprayed chemicals in his face. *Id.* at 38. Although a doctor examined Plaintiff and released him to return to work without restrictions on his next scheduled work day, Plaintiff believed he needed more time to recover. *Id.* at 42-45 & 98, 101. Accordingly, Plaintiff called Frito-Lay's attendance call-in line and reported that he would be taking two weeks off work. *Id.* at 52-53; *see also* Pl.'s MSJ Resp. App. (Doc. 31), Ex. C. By June 12 or 13, 2012, Plaintiff felt he could return to his job and called

1

his supervisor to find out when he should next report to work. *Id.* at 62, 63. The supervisor advised Plaintiff that Frito-Lay believed he had quit and directed him to call the human resources department ("HR") to determine his employment status. *Id.* at 62. Plaintiff never contacted HR, nor did he return to work. *Id.* at 67. Frito-Lay later sent Plaintiff a letter which stated that his employment had been terminated effective June 26, 2012 for failing to meet the company's attendance standards. *Id.* at 89; *see also* Pl.'s MSJ Resp. App., Ex. D.

Plaintiff initially filed this *pro se* lawsuit against Frito-Lay in state court alleging that he was wrongfully terminated while he was recovering from a workplace injury.[1] *See* Rem. Not. (Doc. 1), Ex. E. Frito-Lay removed the case to federal court when Plaintiff filed an amended petition which asserted a new claim under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). *See id.*, Ex. J. By his live pleading, Plaintiff asserts five causes of action against Frito-Lay and its parent company PepsiCo, Inc. ("PepsiCo") arising out of his termination: (1) breach of implied contract; (2) breach of the covenant of good faith and fair dealing; (3) FMLA violations; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress. Pl. Am. Compl. (Doc. 12) at 11-13. Defendants now move for summary judgment as to all of Plaintiff's claims and causes of action. The issues have been fully briefed, and the motion is ripe for determination.

## II. Legal Standards

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking

---

[1] Plaintiff previously filed a similar lawsuit in federal court wherein he complained that he was improperly discharged from his employment while he was off work and recovering from an injury. *See Teemac v. Frito-Lay Inc.*, Civ. Action No. 3:12-cv-5241-M. However, that case was dismissed without prejudice for lack of subject matter jurisdiction. *See id.*, Final Jdgmnt. entered 3/19/14.

summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). However, while courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Rule 56 to search the record in order to find evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at *3 (N.D. Tex. June 6, 2012) (citing cases).

### III. Analysis

#### A. Preliminary Matters

As a preliminary matter, Defendants object and move to strike certain evidence submitted by Plaintiff in support of his summary judgment response, including excerpts from Plaintiff's deposition, Damita Teema's affidavit, and documents attached to Plaintiff's appendix filed in support of his summary judgment response. *See* Def. Mot. Strike (Doc. 32). Defendants contend that Plaintiff fails to specifically cite to any of this evidence in his response and that many of the affidavit statements are inadmissible hearsay, not based on personal knowledge, or improper

3

conclusions. *Id.* at 2-3. Defendants further object to and move to strike two sur-reply briefs filed by Plaintiff: (1) his "Response to Defendants' Reply Brief to Plaintiff's Opposition Defendants' Motion for Summary Judgment," *see* Doc. 35; and (2) his "Response to Defendant's Reply to Plaintiff's Objection to Defenses' Motion to Strike Plaintiff's Objection Evidence," *see* Doc. 37. Defendants contend that Plaintiff's sur-replies are procedurally improper and unnecessary. *See* Def. Mot. Strike (Doc. 39). The court has reviewed the challenged evidence and sur-replies and determines that, even when they are considered, the evidence and arguments presented do not alter the court's findings and conclusions with respect to the pending summary judgment motion. Accordingly, Defendants' objections are overruled as moot, and the motions to strike (Doc. 32 & 39) are DENIED. *See Jones v. United Parcel Serv., Inc.*, No. 3:06-CV-1535-L, 2008 WL 2627675, at *6 (N.D. Tex. June 30, 2008), *aff'd*, 307 F. App'x 864 (5th Cir. 2009) (denying as moot an objection to summary judgment evidence where sustaining the objection would not change the outcome).

### B. Breach of Implied Contract

Plaintiff initially contends that Defendants led him to believe that his employment could be terminated only for "good cause," and Defendants breached an implied contract when they fired him for taking time off work after his injury. Pl.'s Compl. at 3-4. By their motion, Defendants argue that they are entitled to summary judgment on Plaintiff's claim for breach of implied contract because there is no evidence that they modified Plaintiff's at-will employment status or that the parties agreed that Plaintiff could be terminated only for cause. Def. Br. (Doc. 26) at 5-8.

Texas law provides that all employment contracts are "at-will" unless the parties expressly agree otherwise. *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998); *see also Sawyer v. E.I. DuPont De Nemours & Co.*, 689 F.3d 463, 467 (5th Cir. 2012). An at-will

employee may be discharged for "good cause, bad cause, or no cause at all." *Brown*, 965 S.W.2d at 502. To overcome the at-will presumption, "the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances." *Id.* General promises or assurances that an employee will not be discharged if he performs satisfactorily or that the employee will only be terminated for "good cause" are not sufficient to modify the at-will nature of an employment relationship. *See id.*

Plaintiff concedes that he was employed on an at-will basis. Def. MSJ App., Ex. A at 21. At his deposition, he testified that he understood, when he was hired, that his employment was not for a definite period, that he could quit at anytime for any reason, and that Frito-Lay could similarly fire him at anytime for any reason. *Id.* at 20-22. He further testified that no one at Frito-Lay ever promised him that he could not be fired or could be fired only for certain reasons. *Id.* at 33-34. Notwithstanding this evidence, Plaintiff argues that an implied contract modifying his at-will status existed because Frito-Lay representatives "made him believe" that his employment could only be terminated for cause, which included theft, drug abuse, and sexual harassment. Pl.'s Resp. (Doc. 29) at 3-4. Plaintiff does not identify any specific statement by any particular Frito-Lay representative that contributed to his alleged understanding of his employment status. Instead, he asserts that unidentified Frito-Lay representatives told him "Frito-Lay is a place you can grow. . . . You can grow at this plant as long as you do your job good." Def. MSJ App. at 35. Such vague assertions are legally insufficient to modify the at-will nature of an employment relationship. *Allamon v. Acuity Specialty Prods., Inc.*, 877 F. Supp. 2d 498, 518 (E.D. Tex. 2012), *aff'd*, 534 F. App'x 248 (5th Cir. 2013) (oral assurances that employee would have her job "as long as she was able and her performance was satisfactory" did not change employee's at-will employment status). Plaintiff

5

points to no other evidence that Frito-Lay modified his at-will employment status or agreed that he could be terminated only for cause. Plaintiff has thus failed to raise a genuine fact issue for trial on his claim for breach of implied contract. Defendants are entitled to summary judgment on this claim.

### C. Breach of Covenant of Good Faith and Fair Dealing

Plaintiff also asserts a claim for "breach of covenant of good faith and fair dealings" on grounds that Frito-Lay failed to follow its own policy with regard to absences. Pl.'s Amend. Compl. at 5. More specifically, Plaintiff contends that Frito-Lay's attendance policy does not count "job related injuries" as absences and that Frito-Lay must issue a written warning to an employee regarding an attendance issue before the employee can be fired for his absences. *Id.* Plaintiff asserts that Frito-Lay breached its own policy when it terminated him for absences caused by a job-related injury and failed to give him a written warning prior to his termination.

Under Texas law, an implied duty of good faith and fair dealing arises only if a "special relationship" exits between the parties. *See Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). As a matter of law, no such relationship existed between Plaintiff and Defendants. Texas courts have expressly refused to recognize any duty of good faith and fair dealing in an employment relationship. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex. 2000) ("There is no cause of action based on a duty of good faith and fair dealing in the context of an employer/employee relationship."). Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim for breach of the covenant of good faith and fair dealing.

To the extent Plaintiff contends he mislabeled his cause of action and seeks recovery on a theory that Frito-Lay is liable to him for terminating him in violation of its own attendance policy, this claim also fails. In Texas, an employer's policy merely constitutes a general guideline in the

employment relationship and does not create an implied duty or contract that alters the at-will nature of the relationship. *Fort Worth Transp. Auth. v. Thomas*, 303 S.W.3d 850, 859 n. 17 (Tex. App. 2009, pet. denied). Defendants are further entitled to summary judgment on any claim that Frito-Lay breached a duty to provide Plaintiff with the proper safety equipment or a safe working environment. Pl.'s MSJ Resp. at 3. This claim was not raised in Plaintiff's amended complaint but was raised for the first time in his response to Defendants' motion for summary judgment. "A claim which is not raised in the complaint but rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Board of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005); *Broyles v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *1, n.1 (N.D. Tex. Apr. 13, 2011).

### D. FMLA Violations

Plaintiff next contends that Defendants violated the FMLA when they refused to allow him to return to work after his absence. The FMLA provides eligible employees up to twelve weeks of unpaid leave each year when they or a family member have a serious health condition. 29 U.S.C. § 2612(a)(1). An "eligible employee" is one who has been employed by the employer for at least twelve months and who has worked for at least 1,250 hours during that twelve-month period. 29 U.S.C. § 2611(2); *Dolese v. Office Depot, Inc.*, 231 F.3d 202, 203 (5th Cir. 2000). In this case, the undisputed summary judgment evidence establishes that Plaintiff worked part-time for Frito-Lay for only ten months before he took time off. *See* Def. MSJ App. at 22, 25. Plaintiff thus was not eligible for leave under the Act. Indeed, Plaintiff concedes as much. *Id.* at 102. Plaintiff's assertion that he was entitled to FMLA leave because Defendants' negligence contributed to his injuries is without merit. *See* Pl. MSJ Resp. at 6. Defendants' alleged negligence is not relevant to the issue

7

of Plaintiff's status as an eligible employee under the FMLA. Because there is no fact issue as to whether Plaintiff is an eligible employee under the FMLA, Defendants are entitled to summary judgment on Plaintiff's claims arising under that statute.

Plaintiff also argues that, even if his absence was not protected by the FMLA, he had a right to return to work under Frito-Lay's attendance policy. *See* Pl. MSJ Resp. at 7. As best the court understands this argument, Plaintiff contends that Frito-Lay fired him for failing to comply with the company's absence policy when, in fact, he used his best efforts to comply with the policy as he understood it. This is, essentially, a claim that Frito-Lay lacked a good reason for terminating him. Defendants are entitled to summary judgment on such a claim because, under Texas law, an employer may "terminate an at-will employee without fear of legal repercussions for a good reason, a bad reason, or no reason at all." *Exxon Mobil Corp. v. Hines*, 252 S.W.3d 496, 502 (Tex. App.--Houston [14th Dist.] 2008, pet. denied).

### E. Intentional and/or Negligent Infliction of Emotional Distress

Plaintiff's remaining claims similarly fail to survive Defendants' summary judgment motion. In order to prove intentional infliction of emotional distress, Plaintiff must show that Defendants intentionally or recklessly engaged in extreme and outrageous conduct that caused him severe emotional distress. *Cantu v. Rocha*, 77 F.3d 795, 810 (5th Cir. 1996); *see also Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993). The requirement that the emotional distress be severe means that the distress is so severe that no reasonable person could be expected to endure it without undergoing unreasonable suffering. *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 618 (Tex. 1999). This requires proof of more than mere worry, anxiety, vexation, embarrassment, or anger. *Id.* Here, the only evidence of Plaintiff's emotional distress is his testimony that he experienced "anguish" over

his unemployment which led to an inability to pay his bills or "meet [his] responsibilities as a man." Def. MSJ App. at 111, 152, 165. He concedes that he did not suffer from anxiety or depression that required medical treatment. *Id.* at 110-11. Plaintiff's alleged "anguish" does not rise to the level of severe emotional distress. Worry over paying bills does not satisfy the severity requirement. *Badgett v. Northwestern Res. Co.*, 818 F. Supp. 998, 1004 (S.D. Tex. 1993). Nor does humiliation, frustration, or embarrassment over bad credit. *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 545 (Tex. App. -- Dallas 2002, no pet.) (plaintiff did not suffer "severe emotional distress" required to prevail on claim of intentional infliction of emotional distress where plaintiff allegedly felt "intense embarrassment," "humiliated," and "frustrated" because he had to explain his bad credit reports to other creditors and his employer). Because the evidence is insufficient to raise a genuine issue as to whether Plaintiff experienced any severe emotional distress, Defendants are entitled to summary judgment on Plaintiff's claims for intentional infliction of emotional distress. Further, as Texas law does not recognize a cause of action for negligent infliction of emotional distress, *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993), Defendants are entitled to summary judgment on that claim as well.

### G. PepsiCo's Liability

Finally, there is no basis on which to hold PepsiCo liable for Frito-Lay's decision to terminate Plaintiff's employment. Texas law presumes that separate corporations are distinct entities. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 798 (Tex. 2002). A parent corporation is generally not liable for tortious acts committed by its subsidiaries. *See United States v. Bestfoods*, 524 U.S. 51, 61(1998); *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006) ("A bedrock principle of corporate law is that 'a parent corporation . . . is not liable'

9

for actions taken by its subsidiaries."). To hold PepsiCo liable for the Frito-Lay's actions, Plaintiff must establish that some equitable doctrine, such as the "single business enterprise" theory or the "alter ego" theory, justifies disregarding the separate existence of the corporations. *North Cypress Medical Center Operating Co. Ltd v. Fedex Corp.*, 892 F. Supp. 2d 861, 865 (S.D. Tex. 2012). Although Plaintiff surmises that PepsiCo is liable for Frito-Lay's employment decisions because it ratified those decisions or on a theory of *respondeat superior*, Pl. MSJ Resp. at 10-11, he wholly fails to adduce any evidence to support either theory. PepsiCo cannot be held liable for Frito-Lay's conduct simply because of their corporate relationship. The vague and generalized assertions in Plaintiff's summary judgment response fail to raise a genuine fact issue regarding PepsiCo's liability. Accordingly, Defendants are entitled to summary judgment on all of Plaintiff's claims against PepsiCo.

## RECOMMENDATION

The District Court should GRANT Defendants' motion for summary judgment (Doc. 25) in its entirety and dismiss all of Plaintiff's claims and causes of action with prejudice.

SO RECOMMENDED, June 29, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).